IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA )
)
v. ) CRIMINAL NO. 2:23-CR-20004-002
)
ZACKARY KING )

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure, the parties have entered into this Agreement.   The agreement of the parties is as follows:

### WAIVER OF INDICTMENT AND
### PLEA OF GUILTY TO INFORMATION

1.     The Defendant, ZACKARY KING, agrees to waive Indictment by a grand jury, and consents to the filing of an Information charging the Defendant with Deprivation of Rights, in violation of 18 U.S.C. § 242.   The elements of that offense are that the Defendant: (1) acted under color of law; (2) deprived a person of a right protected by the Constitution or laws of the United States; and (3) did so willfully.   The Defendant further agrees to plead guilty to the Information.

### CONSENT TO PROCEED BEFORE THE MAGISTRATE JUDGE

2.     The Defendant acknowledges that he has been advised and understands that he has a right to have a United States District Judge presiding when he enters a guilty plea and that he can exercise that right without concern or reservation. The Defendant and the United States hereby consent to have the proceedings required by Rule 11 of the Federal Rules of Criminal Procedure incident to the making of the plea to be conducted by the United States Magistrate Judge. If, after conducting such proceedings, the Magistrate Judge recommends that the plea of guilty be accepted, a presentence investigation and report will be ordered pursuant to Federal Rule of Criminal Procedure 32. The Defendant acknowledges that his plea of guilty is subject to approval and

acceptance by the District Judge and that sentencing will be conducted by the District Judge.

## WAIVER OF OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION

3.      The parties acknowledge that pursuant to 28 U.S.C. § 636(b)(1)(B), the failure to file objections to the Report and Recommendation within fourteen (14) days bars them from objecting to the District Court's acceptance of the guilty plea as recommended by the Magistrate Judge.   Having been advised of the right to object to the Report and Recommendation, the parties wish to waive that right for the purpose of expediting acceptance of the guilty pleas in this matter. Accordingly, evidenced by their signatures appearing below, the parties hereby waive the right to object to the Magistrate Judge's Report and Recommendation Concerning Plea of Guilty, and consent to acceptance of the same by the United States District Judge so that acceptance of the guilty plea may proceed forthwith.

## ADMISSION OF FACTUAL BASIS IN SUPPORT OF GUILTY PLEA

4.      The Defendant has fully discussed with defense counsel the facts of this case and the elements of the crime to which the Defendant is pleading guilty.   The Defendant has committed each of the elements of the crime to which the Defendant is pleading guilty and admits that there is a factual basis for this guilty plea.   The following facts are true and undisputed:

i.      On August 21, 2022, the Defendant, former Crawford County Sheriff's Deputy Zackary King, responded to the Kountry Xpress gas station in Mulberry, Arkansas, to investigate allegations that a man had threatened a gas station clerk earlier that day. Defendant King arrived at Kountry Xpress within minutes of former Crawford County Deputy Levi White and Mulberry police officer T.R.   King and White were each in uniform and working on duty as sheriff's deputies at the time.

ii.      When the officers arrived at Country Xpress, they questioned a suspect named R.W. who was sitting on the curb outside the gas station. R.W. was a 27-year-old man who stood approximately 5'8" and weighed approximately 145 pounds.   R.W.

initially cooperated with the officers and voluntarily handed them a razor blade that he possessed.

      iii.        After Defendant King walked away from R.W., R.W. became agitated and tackled Deputy White to the ground.   Defendant King immediately ran over to R.W. and attempted to subdue R.W.   Defendant King, Deputy White, and Officer T.R. were able to pin R.W. to the ground.

      iv.        After the officers pinned R.W. to the ground, all three officers positioned themselves on top of R.W.   Defendant King attempted to control R.W.'s feet and legs while Officer T.R. was on top of R.W.'s midsection and Deputy White was positioned near R.W.'s head.

      v.        While R.W. was on the ground, Defendant King delivered several knee strikes to R.W.'s legs.   Defendant King then stood up, walked around behind R.W., and stood over him as Deputy White and Officer T.R. continued to pin R.W. to the ground.

      vi.        At that point, Defendant King recognized that R.W. was not an imminent threat and the situation was de-escalating.   Defendant King did not see R.W. hold any weapon or reach for any weapon or other object while he was on the ground.    While R.W. remained pinned to the ground, Defendant King kicked R.W. in the back and struck R.W. in the midsection with his fist.    These uses of force were unreasonable and unnecessary.

      vii.        At approximately the same time that Defendant King struck R.W. and stood over him, Deputy White punched R.W. at least 9 times in the head, then lifted R.W.'s head and slammed it into the pavement. After the head slam, Defendant King and Deputy White saw a bystander filming the incident.   Defendant King screamed at her to "back the fuck up."

      viii.        Later that day, Defendant King reviewed a video of the incident and saw that, after R.W. was pinned on the ground and no longer posing an imminent threat, Deputy White had punched R.W. multiple times in the head and slammed R.W.'s head into the pavement.   Defendant King was very upset when he saw the video because Deputy White's use of force was clearly wrong and violated the basic rules that he had been taught at the Arkansas Law Enforcement Training Academy and in his jail training.   Deputy White's head slam not only violated training, it was also immoral.   Deputy White's strikes

to R.W.'s head constituted "deadly force" and would not have been authorized even if R.W. had still been actively fighting and resisting.

ix.     After Defendant King yelled at the bystander to back up, the officers placed R.W. in handcuffs.    Defendant King talked to Deputy White on scene shortly after the use of force and White was talking normally and was not slurring his words.   Deputy White then put R.W. in his police car and drove him to Sergeant's gas station where a witness was waiting to try to identify him. Deputy White appeared to place R.W. in his car and drive to Sergeant's without any trouble.    When Defendant King, Deputy White, and R.W. arrived at Sergeant's for the identification, Deputy White did not appear to have any speech or memory problems.   Deputy White then drove R.W. to the county jail without incident.

x.     After watching the bystander's video at the Crawford County Sheriff's Office, Defendant King told Deputy White "this is not good, this sucks."    Deputy White responded, "this does not look good at all," and he offered no justification for striking R.W. in the head or slamming his head to the ground.    Similarly, Captain M.D. told White and King that the video did not look good and that they were going to be in trouble.   In response, Deputy White did not argue with Captain M.D. or offer any justification for the force he used on R.W.   During Deputy White's interactions with Captain M.D. at the Sheriff's Office, White's speech was clear and Defendant King did not see any symptoms or indications that Deputy White had a concussion.   Defendant King did not see any injuries to Deputy White's head.

xi.     R.W. had visible injuries to his face and head after the incident.

xii.     After the incident, Deputy White told Defendant King that he was going to perform a factory re-set on his work phone to erase all information stored on it.    Defendant King knew that deputies were not permitted to factory reset their phones.

xiii.     Defendant King was familiar with Deputy White's reputation at the Crawford County Sheriff's Office.   Deputy White had a reputation for being rough and overly aggressive with suspects.

### ADVICE OF RIGHTS

5.     The Defendant hereby acknowledges that he has been advised of and fully

understands the following constitutional and statutory rights:

    a.    to have an attorney and if the Defendant cannot afford an attorney, to have one provided to him and paid for at the United States' expense;

    b.    to persist in his plea of not guilty;

    c.    to have a speedy and public trial by jury;

    d.    to be presumed innocent until proven guilty beyond a reasonable doubt;

    e.    to confront and examine witnesses who testify against him;

    f.    to call witnesses on his behalf;

    g.    to choose to testify or not testify and that no one could force the Defendant to testify; and,

    h.    to have at least 30 days to prepare for trial.

## WAIVER OF RIGHTS

6.    The Defendant hereby acknowledges that he understands with respect to the crime to which he pleads guilty, he thereby WAIVES all of the rights listed as (b) through (h) of the above paragraph.

## WAIVER OF ACCESS TO RECORDS

7.    The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

## APPELLATE WAIVER

8.    The Defendant hereby waives all (i) rights to appeal any issue bearing on the determination of whether he is guilty of the crime to which he is agreeing to plead guilty; and (ii) trial rights that might have been available if he exercised his right to go to trial. Regarding sentencing, the defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and

voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence (including the restitution order), unless the government appeals the sentence imposed, in which case the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

9.      The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

(a) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

(b) the defendant was deprived of the effective assistance of counsel; or

(c) the defendant was prejudiced by prosecutorial misconduct.

10.      The defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

### WAIVER OF "HYDE" CLAIM

11.      The Defendant hereby waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (Statutory Note), for attorney fees and other litigation expenses arising out of the investigation or prosecution of this matter.

## AGREEMENT NOT TO WORK IN LAW ENFORCEMENT

12.     The Defendant hereby agrees that, at any point in the future, he will not seek, hold, or accept a position of employment in civilian law enforcement, including a position in any police department, sheriff's office, or correctional facility in the United States.

## COOPERATION WITH THE UNITED STATES

13.     The Defendant agrees to fully, voluntarily and truthfully cooperate with the United States and disclose all information which the Defendant possesses relating to the activities set forth in the Indictment or Information and all other information concerning any criminal activity which is the subject of investigation by any law enforcement agency.  The Defendant's obligation of truthful and unreserved disclosure includes any obligation to provide upon request any documents, records or other tangible evidence within the Defendant's control.   The Defendant agrees to testify before the grand jury and/or at any trial as requested by the United States.

14.     The Defendant agrees that he/she will cooperate, in any manner requested, with government agents and prosecutors designated by this office in the conduct of their investigations of others; provided, however, that his/her own safety is not jeopardized unreasonably.   That is, the United States agrees that it will not place the Defendant in a situation whose danger exceeds that to which an undercover law enforcement officer would be exposed in the normal course of his/her duties.

## EFFECTS OF BREACH OF THIS AGREEMENT BY DEFENDANT

15.     The Defendant agrees that if after signing this Plea Agreement the Defendant commits any crimes, violates any conditions of release, or fails to appear for sentencing, or if the Defendant provides information to the Probation Office or the Court that is intentionally misleading, intentionally incomplete, or intentionally untruthful, or if the Defendant violates any

term of this Plea Agreement, takes a position at sentencing which is contrary to the terms of this Plea Agreement or attempts to withdraw from this Plea Agreement, this shall constitute a breach of this Plea Agreement which shall release the United States from any and all restrictions or obligations placed upon it under the terms of this agreement and the United States shall be free to reinstate dismissed charges or pursue additional charges against the Defendant. The Defendant shall, however, remain bound by the terms of the agreement, and will not be allowed to withdraw this plea of guilty unless permitted to do so by the Court.

16.     The Defendant further agrees that a breach of any provisions of this Plea Agreement shall operate as a WAIVER of Defendant's rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence and the United States shall be allowed to use and to introduce into evidence any one or more of the following:

a.     admissions against interest, both oral and written, made by the Defendant to any person;
b.     statements made by the Defendant during his change of plea hearing;
c.     the factual basis set forth in the Plea Agreement;
d.     any testimony given under oath in these proceedings or to a grand jury or a petit jury;
e.     any and all physical evidence of any kind which the Defendant has provided to the United States; and,
f.     any and all information provided by the Defendant to the United States' attorneys, or to federal, state, county, and/or local law enforcement officers.

## MAXIMUM PENALTIES

17.     The Defendant hereby acknowledges that he has been advised of the maximum penalties for each count to which he is pleading guilty.   By entering a plea of guilty to Count One of the Information, the Defendant agrees that he faces:

a.     a maximum term of imprisonment for one year;
b.     a maximum fine of $100,000;
c.     both imprisonment and fine;
d.     a term of supervised release of not more than one year, which begins after release from prison;

     e.      a possibility of going back to prison if the Defendant violates the conditions of supervised release;

     f.       a special assessment of $100.00 for each count of conviction; and,

     g.     restitution as ordered by the Court.

## CONDITIONS OF SUPERVISED RELEASE

18.    The Defendant acknowledges that if a term of supervised release is imposed as part of the sentence, the Defendant will be subject to the standard conditions of supervised release as recommended by the United States Sentencing Commission and may be subject to other special conditions of supervised release as determined by the Court.  The standard conditions of supervised release are as follows:

a.    The Defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the Defendant to report to a different probation office or within a different timeframe.

b.    After initially reporting to the probation office, the Defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the Defendant shall report to the probation officer as instructed.

c.    The Defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

d.    The Defendant shall answer truthfully the questions asked by the probation officer.

e.    The Defendant shall live at a place approved by the probation officer. If the Defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the Defendant lives with), the Defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the Defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

f.    The Defendant shall allow the probation officer to visit the Defendant at any time at his or her home or elsewhere, and the Defendant shall permit the probation officer to take any items prohibited by the conditions of the Defendant's supervision that he or she observes in plain view.

g.    The Defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the Defendant does not have full-time employment he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the Defendant plans to change where the Defendant works or anything about his or her work (such as the position or the job responsibilities), the Defendant shall

notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the Defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

h. The Defendant shall not communicate or interact with someone the Defendant knows is engaged in criminal activity. If the Defendant knows someone has been convicted of a felony, the Defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

i. If the Defendant is arrested or questioned by a law enforcement officer, the Defendant shall notify the probation officer within 72 hours.

j. The Defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or Tasers).

k. The Defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

l. If the probation officer determines that the Defendant poses a risk to another person (including an organization), the probation officer may require the Defendant to notify the person about the risk and the Defendant shall comply with that instruction. The probation officer may contact the person and confirm that the Defendant has notified the person about the risk.

m. The Defendant shall follow the instructions of the probation officer related to the conditions of supervision.

## RESTITUTION

19.     The Defendant agrees to pay full restitution to all victims of the offense to which the Defendant is pleading guilty, to all victims of any offense dismissed because of this Plea Agreement, and for all losses caused by the Defendant's criminal conduct even if such losses resulted from crimes not charged in the Indictment or Information or admitted to by the Defendant in the factual statement.   The Defendant acknowledges and agrees that all restitution as agreed to above shall be governed by the provisions of the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A.   The Defendant understands full restitution will be ordered regardless of Defendant's financial resources.   The Defendant further understands the restitution will be determined by the Court.   The Defendant agrees to cooperate in efforts to collect the restitution obligation, by any means the United States deems appropriate and agrees to waive any defense or objections to any

action to enforce the collection of the restitution.   The Defendant understands imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action.   The Defendant acknowledges that any restitution imposed is not dischargeable in any bankruptcy proceeding pursuant to 18 U.S.C. § 3613(e).

## AGREEMENT TO PROVIDE FINANCIAL INFORMATION

20.    The Defendant agrees that no later than thirty (30) days after the change of plea, the defendant shall complete the financial disclosure statement and the accompanying releases provided by the United States Attorney's Office and deliver them to the United States Probation Office and the United States Attorney's Office.–This financial disclosure statement is sworn by the defendant to be true and correct under penalty of perjury. The Defendant agrees that his failure to truthfully and fully complete the financial disclosure statement and accompanying releases may result in the Government objecting to the Defendant receiving a reduction for acceptance of responsibility.

## PAYMENT OF MONETARY PENALTIES

21.    The Defendant agrees that monetary penalties to include special assessments, fine, and/or restitution imposed by the Court will be (i) subject to immediate enforcement as provided in 18 U.S.C. § 3613c, and (ii), submitted to the Treasury Offset Program so that any federal payment such as an income tax refund or transfer of returned property the defendant receives may be offset and applied to federal debt without affecting the periodic payment schedule ordered by the Court.

## NO OTHER CHARGES

22.    The United States agrees that no other federal charges, which stem from the activities described in the Information, will be brought against the Defendant in the Western

District of Arkansas.

## SENTENCING GUIDELINES ARE ADVISORY BUT NOT MANDATORY

23.     The parties acknowledge that the Court shall consult and consider the United States Sentencing Commission Guidelines in determining the sentence, but that the Court is not bound by the Guidelines and may sentence the Defendant to any sentence within the statutory range.

## AGREEMENT DOES NOT PROMISE A SPECIFIC SENTENCE

24.     The Defendant acknowledges that discussions have taken place concerning the possible guideline range which might be applicable to this case.   The Defendant agrees that any discussions merely attempt to guess at what appears to be the correct guideline range and do not bind the District Court.   Further, the Defendant acknowledges that the actual range may be greater than contemplated by the parties.   In the event that the actual guideline range is greater than the parties expected, the Defendant agrees that this does not give him the right to withdraw his plea of guilty.

## RELEVANT CONDUCT CONSIDERED

25.     At the sentencing hearing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to the Defendant's background, character and conduct, including the conduct that is the subject of this investigation for which he has not been charged up to the date of this Agreement, and/or which is the basis for any of the counts which will be dismissed pursuant to this agreement, as provided by § 1B1.3 of the Sentencing Guidelines.

## PERJURY

26.     In the event that it is determined that the Defendant has not been truthful with the Court as to any statements made while under oath, this Plea Agreement shall not be construed to

protect the Defendant from prosecution for perjury or false statement.

## CONCESSIONS BY THE UNITED STATES

27.     After judgment has been entered on this guilty plea and the defendant has been sentenced, the United States agrees to move to dismiss Count Two of the indictment in *United States v. White and King*, Case No. 2:23-cr-20004 (W.D. Ark.), which charges the Defendant with a felony violation of 18 U.S.C. § 242.

28.     The United States agrees not to object to a recommendation by the Probation Office or a ruling of the Court which awards the Defendant an appropriate-level decrease in the base offense level for acceptance of responsibility.   If the offense level in the Presentence Report is 16 or greater and the Court accepts a recommendation in the Presentence Report that the Defendant receive two points for acceptance of responsibility, the United States agrees to move for an additional one-point reduction for acceptance of responsibility for a total of three points. However, the United States will not be obligated to move for an additional one-point reduction or recommend any adjustment for acceptance of responsibility if the Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following   a) falsely denies, or makes a statement materially inconsistent with, the factual basis set forth in this agreement, b) falsely denies additional relevant conduct in the offense, c) is untruthful with the United States, the Court or probation officer, or d) materially breaches this Plea Agreement in any way.

## UNITED STATES' RESERVATION OF RIGHTS

29.     Although the United States agrees not to object to certain findings by the Probation Office or to rulings of the Court, it reserves the right to:

      a.     make all facts known to the Probation Office and to the Court;
      b.     call witnesses and introduce evidence in support of the Presentence Report;
      c.     contest and appeal any finding of fact or application of the Sentencing Guidelines;

    d.    contest and appeal any departure from the appropriate Guideline range; and,

    e.    defend all rulings of the District Court on appeal including those rulings which may be contrary to recommendations made or positions taken by the United States in this Plea Agreement which are favorable to the Defendant.

## NO RIGHT TO WITHDRAW THE GUILTY PLEA

30.    The United States' concessions on sentencing options are non-binding and made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.   As a result, if the Court should reject the Defendant's requests or recommendations for certain findings of fact or applications of the Guidelines, the Defendant acknowledges that there is no right to withdraw the guilty plea.

## AGREEMENT NOT BINDING ON THE COURT

31.    The parties agree that nothing in this Agreement binds the District Court to:

    a.    make any specific finding of fact;

    b.    make any particular application of the Sentencing Guidelines;

    c.    hand down any specific sentence;

    d.    accept any stipulation of the parties as contained in this Plea Agreement; and,

    e.    accept this Plea Agreement.

32.    The United States and the Defendant acknowledge that the Court has an obligation to review the Presentence Report before it accepts or rejects this Plea Agreement.

## AGREEMENT DOES NOT BIND ANY OTHER ENTITY

33.    The parties agree that this Plea Agreement does not bind any governmental entity other than the United States Attorney's Office for the Western District of Arkansas and the Civil Rights Division of the United States Department of Justice.

## SPECIAL ASSESSMENT

34.    The Defendant agrees to pay $100 as the special assessment in this case.

## REPRESENTATIONS BY DEFENDANT

35.     By signing this Plea Agreement, the Defendant acknowledges that:

    a.     The Defendant has read this Agreement (or has had this Agreement read to him) and has carefully reviewed every part of it with defense counsel.

    b.     The Defendant fully understands this Plea Agreement and is not under the influence of anything that could impede the Defendant's ability to fully understand this Plea Agreement.

    c.     No promises, agreements, understandings, or conditions have been made or entered into in connection with the decision to plead guilty except those set forth in this Plea Agreement.

    d.     The Defendant is satisfied with the legal services provided by defense counsel in connection with this Plea Agreement and matters related to it.

    e.     The Defendant has entered into this Plea Agreement freely, voluntarily, and without reservation and the Defendant's desire to enter a plea of guilty is not the result of threats or coercion directed at the Defendant or anyone connected with the Defendant.

## REPRESENTATIONS BY DEFENSE COUNSEL

36.     By signing this Plea Agreement, counsel for the Defendant acknowledges that:

    a.     Counsel has carefully reviewed every part of this Agreement with the Defendant and this Agreement accurately and completely sets forth the entire agreement between the United States and the Defendant.

    b.     Counsel has explained the ramifications of the Plea Agreement to the Defendant, and believes that the Defendant understands this Plea Agreement, what rights are being lost by pleading guilty, and what the United States has agreed to do in exchange for the plea of guilty.

    c.     Counsel believes that the Defendant's decision to enter into this Agreement is an informed and voluntary one.

## PLEA AGREEMENT CONSTITUTES THE ENTIRE AGREEMENT

37.     The Defendant and his attorney both acknowledge that this Plea Agreement constitutes the entire agreement of the parties.  Further, all parties agree that there are no oral agreements or promises which have been made to induce the Defendant to change his plea to

guilty.

Dated this _15_ day of ~~March~~ *April*, 2024.

_____
ZACKARY KING
Defendant

_____
CHRISTOPHER BAKER
Attorney for Defendant

DAVID CLAY FOWLKES
UNITED STATES ATTORNEY

By: _____
DUSTIN ROBERTS
DEVON STILL
Assistant U.S. Attorneys

KRISTEN CLARKE
ASSISTANT ATTORNEY GENERAL

By: _____
MICHAEL J. SONGER
Special Litigation Counsel
LIA RETTAMMEL
Trial Attorney

guilty.

Dated this _____ day of March, 2024.

_____
ZACKARY KING
Defendant

_____
Chris Baker (Mar 25, 2024 09:32 CDT)
CHRISTOPHER BAKER
Attorney for Defendant

DAVID CLAY FOWLKES
UNITED STATES ATTORNEY

By: _____
DUSTIN ROBERTS
DEVON STILL
Assistant U.S. Attorneys

KRISTEN CLARKE
ASSISTANT ATTORNEY GENERAL

By: _____
MICHAEL J. SONGER
Special Litigation Counsel
LIA RETTAMMEL
Trial Attorney

Doc ID: db427656bf7fb074f8cc404e6caf65f4bcd6361d